UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| **ERNESTO SANCHEZ-BENJAMIN,** | **CIVIL ACTION NO. 5:14-309-KKC** |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| **ERIC HOLDER,** | |
| Defendant. | |

*** *** ***

Ernesto Sanchez-Benjamin is confined by the Bureau of Prisons in the Federal Medical Center located in Lexington, Kentucky. Proceeding without an attorney, Sanchez-Benjamin has filed a civil rights complaint asserting claims under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1] Sanchez-Benjamin has previously been granted *in forma pauperis* status. [R. 3]

The Court has conducted a preliminary review of Sanchez-Benjamin's complaint because he asserts claims against a government official and because he has been granted pauper status. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. These statutes require the dismissal of any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *Id.*; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997) (*overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)).

Because Sanchez-Benjamin is not represented by an attorney, the Court liberally construes his claims and accepts his factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) For the reasons set forth below, however, the Court must dismiss Sanchez-Benjamin's complaint because it is frivolous and because it fails to state a claim upon which relief can be granted.

## DISCUSSION

Sanchez-Benjamin conveyed no information about the nature of his claims in his complaint form [R. 1]; instead, he referred to his supplemental filing [R. 1-1] attached to that form. That supplement, a 17-page, type-written, single-spaced submission, consists of a series of convoluted, confusing, and awkwardly written phrases and repeated references to a "Proof of Claim" and other out-of-context terms, such as "perfect title" [*Id.*, p. 8] and "admiralty and or maritime jurisdiction" [*Id.*, p. 9; p. 14]. The relief which Sanchez-Benjamin requests at the end of his complaint form is equally perplexing; he asks this Court to "…enforce the ADMINISTATIVE JUDGMENT AND any other remedy that this Court deems necessary for relief." [R. 1, p. 3 (emphasis in the original)]

Simply put, the Court can make no sense of Sanchez-Benjamin's rambling incoherent submission, which fails to identify the relevant facts, the legal grounds for his claims, or the relief he is seeking. Although a *pro se* litigant is entitled to liberal construction of his pleadings and filings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the pleading standard set forth in Federal of Civil Procedure Rule 8 "does not require 'detailed factual allegations,' it demands more than an unadorned accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) (internal citations omitted).

Sanchez-Benjamin's filing is so ambiguous void of substance that this court could not consider it without speculating as to the underlying facts and claims, which a district court is not authorized to do. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("*Pro se* parties must still brief the issues advanced with some effort at developed argumentation."); *Superior Kitchen Designs, Inc. v. Valspar Indus. (U.S.A.), Inc.*, 263 F.Supp.2d 140, 148 (D. Mass. 2003) ("While the allegations of the complaint are construed favorably to the plaintiff, the court will not read causes of action into the complaint which are not alleged.") Courts are not required to devote time to a case when the nature of a *pro se* plaintiff's claim "defies comprehension." *Roper v. Ford Motor Co.*, No. 1:09-CV-427, 2010 WL 2670827, at *3 (S.D. Ohio April 6, 2010) (citation omitted), Report and Recommendation adopted, 2010 WL 2670697 (S.D. Ohio July 1, 2010)

Further, to the extent that Sanchez-Benjamin has named Eric Holder, Attorney General of the United States, as the sole defendant to this action, he alleges no facts demonstrating that Holder was personally involved in, condoned, encouraged, or knowingly acquiesced in any misconduct that would violate his constitutional rights. Such an allegation is necessary to support a *Bivens* claim. *See Rizzo v. Goode*, 423 U.S. 362, 373–77 (1976); *Nwaebo v. Hawk–Sawyer*, 100 F. App'x 367, 369 (6th Cir. 2003). A government official is not liable for the actions of his or her subordinates merely because he or she possesses authority to supervise their actions; a supervisory government employee is only liable for his or her own misconduct. *Monell v. Department of Social Svs.*, 436 U.S. 658, 691–92 (1978); *Iqbal*, 552 U.S. at 676–77.

Finally, Sanchez-Benjamin makes oblique references to his federal criminal conviction in Puerto Rico, and attached as part of his supplemental filing a copy of the Criminal Judgment from that proceeding, *United States v. Ernest Sanchez-Benjamin*, No.

3

3:10-CR-137-FAB (D.P.R. 2010), which reflects that following a remand from the appellate court, Sanchez-Benjamin was sentenced on November 4, 2011, to a 144-month prison term for Kidnapping, Aiding, and Abetting in violation of 18 U.S.C. § 1201(a)(1) and (2). [R. 1-1, pp. 19-23] [1] Therefore, it appears that Sanchez-Benjamin may be trying to collaterally challenge the validity of his Puerto Rico criminal conviction in this *Bivens* proceeding, but if that was his intention, he cannot succeed.

In *Heck v. Humphrey*, the Supreme Court established the so-called "favorable termination rule." 512 U.S. 477, 114 S.Ct. 2364 (1994). The Court explained as follows:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.*, at 486-87.

The Supreme Court held *in Heck* that any claim for damages that, if successful, would "necessarily imply" the "invalidity of any outstanding criminal judgment against the plaintiff" is not cognizable under § 1983[2] unless the plaintiff demonstrates that judgment's prior invalidation. *Id.*, at 487 This rule promotes the finality of and consistency in judicial resolutions by limiting opportunities for collateral attack and averting the "creation of two conflicting resolutions arising out of the same or identical transaction." *See id.*, at 484-485.

---

[1] Someone, presumably Sanchez-Benjamin, hand-wrote the following words across each page of the copy of the attached "Judgment In A Criminal Case" entered in his Puerto Rico criminal proceeding:

> Accepted for Value and Returned for Value
> For Settlement, Closure and Set Off
> Date (illegible) Exemption D15057549
> Value 15,000,000.00

*Id.*

[2] A civil rights action under *Bivens* is the method by which a plaintiff asserts a claim alleging a violation of his or her constitutional rights against a *federal* official. By corollary, a plaintiff alleging a violation of his or her federal constitutional rights against a *state* official would proceed under 42 U.S.C. § 1983.

The docket sheet from Sanchez-Benjamin's criminal proceeding does not indicate that he filed a motion to set aside his sentence conviction under 28 U.S.C. § 2255, which would have been the avenue available for asserting a collateral challenge to his conviction or sentence. Again, it is unclear from the supplement to the complaint whether Sanchez-Benjamin is seeking damages from Eric Holder stemming from his criminal conviction, but it *is* clear is that pursuant the rule announced in *Heck*, this Court cannot entertain any construed challenge to Sanchez-Benjamin's criminal conviction or sentence through the mechanism of a *Bivens* civil rights action.

As set forth above, the Court is unable to ascertain what, if any, constitutional claims Sanchez-Benjamin is attempting to assert against Defendant Eric Holder. It will therefore dismiss his complaint with prejudice because it is frivolous *and* because it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(b)(i) and (ii)

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Plaintiff Ernesto Sanchez-Benjamin's 28 U.S.C. § 1331 civil rights complaint [R. 1] is **DISMISSED WITH PREJUDICE.**

2. This action will be **STRICKEN** from the Court's active docket.

3. Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of Eric Holder, the named defendant.

This December 9, 2014.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY